1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  GARTH HIRE (CABN 187330)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
7       Telephone: (415) 436-7200
        FAX: (415) 436-7027
8       Garth.Hire@usdoj.gov

9  Attorneys for United States of America

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                           OAKLAND DIVISION

14 | UNITED STATES OF AMERICA,           ) Case No. 22-CR-131 JST
                                         )
15 |     Plaintiff,                      ) [Filed March 24, 2022]
                                         )
16 |   v.                                )
                                         ) NOTICE OF RELATED CASE
17 | DILEEP KUMAR REDDY KAMUJULA,        ) IN A CRIMINAL ACTION
                                         )
18 |     Defendant.                      )
                                         )
19 |_____)

20
   | SECURITIES AND EXCHANGE             ) Case No. 3:22-cv-01967-TSH
21 | COMMISSION,                         )
                                         ) [Filed March 28, 2022]
22 |     Plaintiff,                      )
                                         )
23 |   v.                                )
                                         )
24 | HARI PRASAD SURE, et al.,           )
                                         )
25 |     Defendants.                     )
                                         )
26 |_____)

27

28

NOTICE OF RELATED CASE                    1

The United States, pursuant to Local Criminal Rule 8-1, hereby notifies the Court that the above-captioned criminal case is related to a pending civil case in this District.

On March 24, 2022, a federal grand jury returned an indictment charging defendant Dileep Kumar Reddy Kamujula with two counts of securities fraud and aiding and abetting in violation of 18 U.S.C. §§ 1348 and 2, and 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. §§ 240, 10b-5, and 240.10b5-1. The indictment alleges that Kamujula, of Fremont, illegally traded Twilio securities after receiving nonpublic information from an employee identified in the indictment as "Insider One." The indictment further alleges that Insider One had regular access to a financial records system used by Twilio to monitor and account for customer sales. Insider One accessed confidential information concerning Twilio's financial results before those results were made public and passed on the information to Kamujula. The indictment alleges that between April 9, 2020, and May 6, 2020, Kamujula purchased approximately 257 call options for Twilio stock for a total cost of approximately $133,333. Then, on May 6, 2020, Twilio announced its quarterly earnings and the company issued a press release publicly announcing its financial results. In its press release, Twilio reported earnings of $0.06 per share, a profit that exceeded the Wall Street analyst consensus estimate of earnings. On May 7, 2020, the day after the financial results were reported, Twilio's stock price increased by nearly 40 percent. Between on or about May 7 and May 8, 2020, Kamujula sold all 257 Twilio call options he had acquired in the preceding four weeks for a total profit of approximately $961,662.

On March 28, 2022, the United States Securities and Exchange Commission filed a civil enforcement action captioned *Securities and Exchange Commission v. Hari Prasad Sure, et al.*, Case No. 22-CV-1967 TSH. The SEC complaint alleges that Kamujula and six others engaged in insider trading of Twilio stock in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

The allegations in the indictment and the SEC civil action each involve the activities of defendant Kamujula and others engaged in an insider trading scheme relating to Twilio stock. Thus, both actions concern one or more of the same defendants and the same alleged events, occurrences, transactions or property and both actions appear likely to entail substantial duplication of labor if heard by different judges. For these reasons, pursuant to Local Rule 8-1(c)(4), the government believes that

1  assignment to a single judge is likely to conserve judicial resources and promote an efficient
2  determination of the action.
3  DATED: March 28, 2022                                  Respectfully submitted,

                                                         STEPHANIE M. HINDS
                                                         United States Attorney

                                                         /s/ *Garth Hire*
                                                         GARTH HIRE
                                                         Assistant United States Attorney